UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61442-CIV-COHN

MARK FERNANDES,

Magistrate Judge Seltzer

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand [DE 9] and Defendant's Response [DE 10].  The Court has carefully considered the motion and is otherwise fully advised in the premises.  No reply was filed by Plaintiff.

### I.  BACKGROUND

Plaintiff Mark Fernandes ("Plaintiff") filed this action in state court alleging negligence.  The claim arose after an injury suffered by Plaintiff during a visit to a store owned by Defendant Home Depot.  Defendant timely removed this action to federal court, alleging diversity jurisdiction, including an amount in controversy of greater than $75,000.  Plaintiff timely moved to remand the case within thirty days of removal.

### II.  DISCUSSION

Plaintiff argues that Defendant has failed to meet its burden of showing diversity of citizenship and an amount in controversy of greater than $75,000.  On a motion to remand, the removing party bears the burden of establishing jurisdiction.  Lowery v. Alabama Power Co., 483 F.3d 1184, 1209-1210 (11th Cir. 2007);  Tapscott v. M.S.

Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

### A.  Amount in Controversy

Where, as here, the plaintiff's state court complaint seeks an unspecified amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence.  Tapscott, 77 F.3d 1359-60.  When applying this standard, the Court must construe the removal statutes narrowly because there is a strong presumption against federal jurisdiction in the context of removal.  Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).  Plaintiff asserts that Defendant has completely failed to support its conclusory allegations of jurisdiction stated in the Notice of Removal.

In response to Plaintiff's motion, Defendant attaches exhibits containing Plaintiff's counsel's pre-suit demand letter detailing Plaintiff's eye injuries and demanding $135,000.  Exhibits D and E to Defendant's Response [DE 10-5 and 10-6].  A district court may consider evidence outside of the removal petition if the facts therein existed at the time of the removal.  Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001).  The description of the left eye injuries in the context of Plaintiff's prior right eye injury, combined with a specific written demand in excess of the jurisdictional limit, show that Defendant Home Depot has established by a preponderance of the evidence that the requisite amount in controversy, in excess of  $75,000.00, existed at the time of

removal.

## B. Diverse Citizenship

Plaintiff asserts that Defendant's pleading in the Notice of Removal that Home Depot is a corporation organized under the laws of Delaware with its principal place of business in Georgia is insufficient to show diversity of citizenship.  Defendant responds by stating that the Court can rely on this pleading and the assertion that Plaintiff is a citizen of Florida when Plaintiff has plead that he is a resident of Florida in his Complaint.

The Court concludes that Defendant has met its burden regarding diversity of citizenship in this case.  The Court will not require submission of corporate registration filings where Defendant has pled the citizenship of a well-known corporation and Plaintiff has no specific reason to raise any doubt regarding the accuracy of Defendant's pleading.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 9] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of February, 2009.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record on CM/ECF